UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARIF REXHAJ,

    Plaintiff,

v                                  CASE NO. 2:22-CV-11511-TGB/DRG
                                    HON. TERRENCE G. BERG

SWEEPING CORPORATION OF
AMERICA, a foreign corporation and
BRETT HAMMOND, an individual,

    Defendants.

## **STIPULATED PROTECTIVE ORDER**

The parties ask the Court for entry of this Stipulated Protective Order. Plaintiff and Defendants ("the parties") will be producing confidential and proprietary documents in accordance with the terms of this Stipulated Protective Order and are in agreement as to the terms of this Stipulated Protective Order.

**IT IS ORDERED THAT**:

Any documents that either of the parties designate as "Confidential" in accordance with the below definition and which are disclosed to the opposing party pursuant to this Protective Order, are disclosed only under the conditions that follow:

1.    Material designated as "Confidential" shall be used solely for the prosecution or defense of this matter as set forth in this Order.

2. Before disclosing materials marked "Confidential" by a party to an expert witness or consultant employed by the opposing party or their counsel, the opposing party's attorney must first advise the expert witness or consultant of this Protective Order and provide them with a copy of this Order.

3. Unless otherwise ordered by the Court, material designated as "Confidential" may be disclosed only to:

    (a) the attorneys for the parties and their staff;

    (b) the parties;

    (c) Defendants' insurance representatives;

    (d) the Court, including in briefs and at motion hearings;

    (e) expert witnesses and consultants employed by the parties or their counsel;

    (f) witnesses at depositions and the court reporter;

    (g) at trial, to the extent admissible;

    (h) any other person agreed to in writing by the party producing the information.

4. This Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds.

5. Nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials.

6. An inadvertent failure to designate a document as "Confidential" does not, standing alone, waive the right to so designate the document. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "Confidential," even where the failure to so designate was inadvertent and where the material is subsequently designated as "Confidential."

7. At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, including any appeal, all of the documents and materials produced by the parties and designated as "Confidential" pursuant to this Order, including any and all copies or renditions made from such documents and materials, shall be returned to the producing party through its counsel, or destroyed by the receiving party with such destruction certified in writing, within thirty days of a written request following the conclusion of this action.

8. The terms of this Order shall apply to any documents and/or materials deemed confidential by either of the parties that is of the type not normally shared with third parties or available to the public and that involves proprietary, confidential, or sensitive information, or documents and/or materials deemed in

good faith by a party to constitute confidential, personal or private information, including but not limited to: (a) medical records; (b) financial records of Defendants (c) personnel files and personnel records of current or former employees of Defendants other than Plaintiff; (d) information prohibited from disclosure by statute; (e) information that reveals trade secrets, proprietary business practices, research, technical, commercial or financial information that the party has maintained as confidential; (f) income tax returns (including attached schedules and forms) of the parties; (g) confidential investigation records; and (h) personal identity information of any individual.

9. The parties reserve the right to challenge any confidential and/or proprietary designation.

10. In the event of a challenge or a dispute regarding a confidential and/or proprietary designation, the parties agree to meet and confer in good faith to amicably resolve the challenge or dispute.

11. If the parties are unable to amicably resolve any dispute regarding a document designated as confidential and/or proprietary by the opposing party, the matter will be submitted to the Court for consideration and a formal ruling.

12. The party designating the documents or information as "Confidential" pursuant to this Order may waive the confidentiality designation by providing

written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

13. Any party that intends to file a document designated as "Confidential" in connection with a motion filed with the Court shall file such document under seal pursuant to the Court's practice guidelines and the local rules.

**IT IS SO ORDERED**.

Dated: April 10, 2023        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

**WE HEREBY STIPULATE TO THE FOREGOING:**

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| s/Teresa J. Gorman | /s/ Cara N. Swindlehurst |
| Teresa J. Gorman (P61001) | John F. Eads III (P43815) |
| TERESA J. GORMAN PLLC | Cara N, Swindlehurst (P79953) |
| Attorney for Plaintiff | Gordon Rees Scully Mansukhani, LLC |
| 5700 Crooks Road, Suite 200 | Attorneys for Defendants |
| Troy, MI 48087 | 3700 Woodward Ave., Ste. 225 |
| (248) 763-6943 | Bloomfield Hills, MI 48304 |
| terigorman@aol.com | (313) 426-9816 |
|  | john.eads@grsm.com |
|  | cswindleburst@grsm.com |
| Todd F. Flood (P58555) | fbeer@grsm.com (secretary) |
| Flood Law PLLC |  |
| Attorney for Plaintiff |  |
| 155 W. Congress, Ste. 603 |  |
| Detroit, MI 48227 |  |
| (248) 547-1032 |  |
| tflood@floodlaw.com |  |

5